# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.                    **Case No. 03-CR-15**

**ROCHELLE ROY**
   **Defendant.**

## ORDER

Defendant Rochelle Roy requested early termination of her supervised release, see 18 U.S.C. § 3583(e)(1), and I ordered the government and the probation office to file responses to her request. They have now done so, and on review of their responses and the entire record I conclude that defendant's request should be denied.

## I. BACKGROUND

Defendant pleaded guilty to possession with intent to distribute and distribution of cocaine base within 1000 feet of a public playground and was sentenced to 51 months in prison, followed by six years of supervised release, by the district court in Hawaii. Defendant was released from prison on November 23, 2002, and her case was transferred to this district on January 13, 2003.

Since her release, defendant has generally been compliant with her conditions of supervision. However, she has had two violations. On August 25, 2003, she submitted a sweat patch positive for the presence of cocaine, and on April 25, 2004, she had a police contact following a physical altercation with another woman at a grocery store. No charges were issued related to the latter incident, and she received a letter of reprimand from her

probation officer. She was also ordered to attend anger management classes by her state probation agent, which she completed.

Defendant is residing with her daughter and grandchildren in Racine, Wisconsin, and receives social security disability payments. Since the positive sweat patch, she has submitted 42 negative urine tests and has been reduced to quarterly testing.

## II. DISCUSSION

**A.  Legal Standard**

Section 3583(e)(1) provides that the court may, after considering certain factors set forth in § 3553(a),

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Therefore, the court may terminate a defendant's supervised release if (1) she has served at least one year; (2) considering several statutory factors as well as the defendant's conduct, it is in the interests of justice; and (3) the government is given notice and an opportunity to be heard. United States v. Medina, 17 F. Supp. 2d 245 (S.D.N.Y. 1998).

The statutory factors the court must consider under § 3553 are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

2

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(4) the kinds of sentences and the sentencing range established by the sentencing guidelines;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The conduct of the defendant must include more than simply following the rules of supervision. Otherwise, every defendant who avoids revocation will be eligible for early termination. Instead, "termination is proper only in cases with a new or unforeseen circumstance, which may include exceptionally good behavior." Medina, 17 F. Supp. 2d at 246-47; see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (noting that early termination is a discretionary decision made by the district court, is not warranted as a matter of course, but is "occasionally" justified due to the "changed circumstances" of a defendant, such as "exceptionally good behavior").

**B.  Analysis**

In her request, defendant states that she has fully complied with the requests of her federal and state probation officers. She states that she has been clean and sober since her release, that she has reunited with her family, and that there has been a big change in her life.

Although defendant is to be commended for the progress she has made, I cannot conclude that early termination would be appropriate. First, as noted above, compliance

3

Case 2:03-cr-00015-LA   Filed 04/26/05   Page 3 of 4   Document 5

with the conditions of release alone is insufficient to merit early termination. Second, she has a serious prior record, including convictions for drug-related offenses, and committed the instant offense while she was on state parole. Therefore, it is appropriate to continue her under supervision to ensure that she does not re-offend. Third, defendant has a history of serious drug abuse. It appears that she has made great strides in overcoming her problem, however, she has suffered relapses following treatment before. For example, the PSR indicates that defendant remained clean for a period of time while in treatment under the supervision of her state parole agent in 1999, but started using crack cocaine again after her treatment program ended. Therefore, it is appropriate to continue her under close supervision to ensure that she remains clean and sober. Finally, the offense of conviction carried a mandatory minimum period of six years of supervision. 21 U.S.C. §§ 841(b)(1)(C) & 860(a).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request for early termination of supervised release is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge